E-FILED
Tuesday, 15 November, 2016  02:17:19 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HOLLIS VANLEER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 16-1424 |
| ) | Crim. Case No. 11-10042 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# ORDER AND OPINION

This matter is now before the Court on Petitioner Vanleer's § 2255 Motion to Vacate, Set Aside, or Correct Sentence and Motion for Leave to File an Amended Motion. For the reasons set forth below, Petitioner's Motion [1] is DISMISSED.

## BACKGROUND

Petitioner filed this § 2255 action seeking to vacate, set aside, or correct his sentence seeking a reduction in sentence for his "minor role" in his criminal conduct and also because his prior convictions no longer qualify him for sentencing as a career offender. Although he cites no authority in support of his first contention, the Court presumes that he is referring to a role reduction pursuant to Amendment 794 to the Sentencing Guidelines and the Ninth Circuit opinion in *United States v. Quintero*-Leyva, 823 F.3d 519 (2016). Petitioner pled guilty to conspiracy to distribute cocaine base and was sentenced to 220 months' imprisonment in March 2012. He did not pursue a direct appeal, but his sentence was subsequently reduced to 160 months pursuant to Amendment 782.

## STANDARD OF REVIEW

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th Cir. 1993). A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698.

## ANALYSIS

Petitioner claims in his § 2255 Motion that his sentence is invalid because Amendment 794 to the Sentencing Guidelines entitles him to a reduction for having played a minor role in the offense. Initially, the Court notes that errors in the application of the sentencing guidelines cannot be raised in 2255 motions as long as a defendant's sentence is within the range provided by the statute of offense. *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001) (holding that sentencing guideline calculation errors are nonconstitutional and are therefore not reviewable in 2255 proceedings.)

Moreover, Amendment 794 became effective on November 1, 2015, and applies to U.S.S.G. § 3B1.2 to arguably make it easier for a defendant to qualify for a mitigating role in the offense and receive a lower sentence. However, Amendment 794 has not been made retroactive

to cases on collateral review. Even in *Quintero-Leyva*, the Ninth Circuit only extended the change to apply to cases pending on direct appeal and specifically declined to address whether the amendment was available to defendants who had exhausted their direct appeal. 823 F.3d at 521, n. 1. Assuming that the Seventh Circuit agrees that Amendment 794 is applicable on direct review, this would still not allow Petitioner to benefit from the decision as his direct appeal became final years before the amendment became effective. His suggestion that he is entitled to a reduction under this amendment is without merit at the present time.

      Petitioner further claims that his sentence is invalid because the Court found that he was eligible for an enhanced sentence as a career offender based on controlled substance convictions that no longer qualify as crimes of violence under residual clause of the career offender guideline, U.S.S.G. 4B1.2(a)(2). On June 26, 2015, the Supreme Court held that the residual clause of the Armed Career Criminal Act violates due process because the clause is too vague to provide adequate notice. *Johnson v. United States*, 135 S.Ct. 2551 (2015). In *Price v. United States*, the Seventh Circuit held that *Johnson* announced a new substantive rule of constitutional law that the Supreme Court has categorically made retroactive to final convictions. 795 F.3d 731, 732 (7th Cir. 2015). That decision also made clear that *Johnson* is retroactive not only to cases on direct appeal, but also to cases on collateral review. *Id.*

      Petitioner's Motion seeks to invoke *Johnson* and the subsequent Seventh Circuit decision in *United States v. Hurlburt*, ___ F.3d ___, 2016 WL 4506717 (7th Cir. Aug. 29, 2016), claiming that his prior convictions for controlled substance offenses fell within the residual clause of the definition of "crime of violence" under the career offender guideline. While *Johnson* only invalidated the residual clause of the ACCA, this holding was extended to the substantively similar language of the career offender guideline in *Hurlburt*, where the Seventh Circuit held that

3

the residual clause in 4B1.2(a)(2) is unconstitutionally vague. 2016 WL 4506717, at *7. However, the Seventh Circuit stopped short of finding that this holding can be extended to cases challenging career offender status on collateral review. This issue is pending before the Supreme Court in *Beckles v. United States*, 616 Fed.Appx. 415 (11th Cir. 2015), *cert. granted*, 136 S.Ct. 2510 (2016). Unless and until the Supreme Court extends the finding that the residual clause of § 4B1.2 is retroactive to cases on collateral review, Vanleer's challenge is at best premature.

Furthermore, even if *Johnson* is extended to cases on collateral review, Petitioner would not benefit. His prior convictions were for unlawful possession of cannabis with intent to deliver in McLean County Case No. 07-CF-186 and unlawful delivery of cannabis in McLean County Case No. 07-964. Controlled substance offenses do not invoke the residual clause, and Petitioner's reliance on *Johnson* is misplaced. *Stanley v. United States*, 827 F.3d 562, 564 (7th Cir. 2016).

Therefore, Petitioner is not entitled to relief at this time. The Motion is dismissed without prejudice to refiling if and when Amendment 794 is made retroactive to afford relief on collateral review.

### CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the claims are based on an erroneous interpretation of the holding in *Quintero-Leyva,* reliance on the non-retroactive applicability of Amendment 794, and a misapplication of *Johnson*.

No reasonable jurist could conclude that Petitioner's claims were not either devoid of factual support or premature at best. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons stated above, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 USC § 2255 [1] is DISMISSED without prejudice as premature. This matter is now terminated.

ENTERED this 15th day of November, 2016.

> s/ James E. Shadid
> James E. Shadid
> Chief United States District Judge